# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN D. PARKS, | CASE NO. 1:11-cv–00999-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| O. ONYEJE, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## I. Screening Requirement

Plaintiff Steven D. Parks is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed June 7, 2011. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

1

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at , 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a has defendant acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; Moss, 572 F.3d at 969.

## II.     Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at San Quentin State Prison. To the extent that the Court is able to decipher Plaintiff's claims, Plaintiff alleges that while he was housed at the California Substance Abuse Treatment Facility in Corcoran, Defendant Onyeje had prescribed medication for Plaintiff's chronic illness to be taken every six hours. Although Defendant Onyeje had authorized refills, the chronic illness medication was not renewed on April 21, 2010. From June 19, 2010 through July 1, 2010, Plaintiff was given ibuprofen. Plaintiff alleges that the denial of medication for his chronic illness placed him in life threatening danger and caused him pain and suffering from April 21 through July 1, 2010. Plaintiff states that Defendant Enemoh, as chief medical officer, was responsible for the non renewal of his medication. Plaintiff is seeking one million dollars in damages.

For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

## III.    Discussion

Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law.

Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct.  Iqbal, 129 S.Ct. at 1948-49.  In other words, Plaintiff may not bring suit against a defendant because of his supervisory position.  Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones, 297 F.3d at 934.

In this instance, Plaintiff has not linked the defendants named in his complaint to any acts or omissions that purportedly led to the violation of those rights.  The general assertions do not suffice to show that Plaintiff's constitutional rights were violated by these defendants.  Iqbal, 129 S.Ct. at 1949-50.  It appears that for some, if not all, of the defendants Plaintiff is attempting to impose liability not on Defendants' personal involvement but because they hold positions of authority which does not provide a basis for liability under section 1983.  Iqbal at 1949; Jones, 297 F.3d at 934.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond.  Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010).  "Deliberate indifference is a high legal standard."  Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference.  Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

Although Plaintiff states that he was prescribed medication for a chronic illness, he fails to set forth any facts to show that he had a serious medical need.  Plaintiff's statement that he had a chronic illness is not sufficient to establish a serious medical need.  Plaintiff's claims must be

3

facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 129 S.Ct. at 1949-50. Additionally, Plaintiff fails to set forth factual allegations to show that any named defendant was aware of and failed to adequately respond to Plaintiff's serious medical needs.  Simmons, 609 F.3d at 1018.

## IV. Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed June 7, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

4

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 26, 2012**                              /s/ **Barbara A. McAuliffe**
                                                                    UNITED STATES MAGISTRATE JUDGE