# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN D. PARKS, | CASE NO. 1:11-cv–00999-BAM PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| v. | (ECF No. 12) |
| O. ONYEJE, et al., | |
| Defendants. | |

**I.   Screening Requirement**

Plaintiff Steven D. Parks is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on June 7, 2011. On July 28, 2011, Plaintiff consented to the jurisdiction of the Magistrate Judge. (ECF No. 8.) On April 26, 2012, the complaint was screened and an order issued dismissing the complaint, with leave to amend for failure to state a claim. (ECF No. 11.) Currently before the Court is the first Amended Complaint, filed May 30, 2012. (ECF No. 12.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
2  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell
3  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

4  Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
5  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
6  higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive
7  screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to
8  allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged,
9  Iqbal, 556 U.S. at , 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir.
10 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that
11 are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.
12 Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

13 Further, under section 1983, Plaintiff must demonstrate that each defendant personally
14 participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).
15 Although a court must accept as true all factual allegations contained in a complaint, a court need
16 not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.
17 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
18 do not suffice." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

19 **II.     First Amended Complaint Allegations**

20 Plaintiff brings this action against Defendants Enenmoh and Onyeje alleging that, while
21 housed at the Substance Abuse and Treatment Facility from April 21 through July 1, 2010, he was
22 subjected to "terror tremors, vomiting, sweating, and sleepless nights because Defendant Oyeje
23 neglected to give him his chronic illness medication. The Valley Fever left Plaintiff coughing and
24 vomiting in his sleep causing him to awake in terror gasping for air. Plaintiff states he has
25 documented allergies, extraordinary pain in his right leg, and damage to his liver. (First Am. Compl.
26 3,[1] ECF No. 12.) Plaintiff contends that Defendants admitted they were deliberately indifferent

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

because Defendant Onyeje admitted in the appeal that he was aware of Plaintiff's medical conditions and Defendant Enonmah granted his inmate appeal. (Id. at 3, 7, 17.) Plaintiff is seeking one million dollars in damages. (Id. at 3, 7.)

**III.     Discussion**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

Plaintiff alleges that Defendant Onyeje failed to prescribe medication for his chronic illness and pain. Plaintiff includes as an exhibit to the first amended complaint an appeal dated July 21, 2010, in which he states that his medication was not renewed and refilled as granted on appeal. (ECF No. 12 at 4.) The appeal includes copies of a prescription for allergy tablets that were prescribed by Defendant Onyeje showing that there were two refills until April 21, 2010, and a prescription for ibuprofen that was refilled on May 20, 2010, and shows no refills remaining. (Id. at 8.) Plaintiff also submits medical records from Avenal State Prison showing that in 2001 he had been diagnosed with Hepatitis and had a liver biopsy on August 20, 2009, in 2007 Plaintiff was seen for chronic leg pain, (id. at 10-16), and medical records from 2011 showing that Defendant Onyeje ordered medical tests which returned within the normal range and no follow up care is needed, (id. at 17-18).

3

While Plaintiff alleges that he has Hepatitis, the amended complaint fails to set forth facts to show that Plaintiff was at a substantial risk of serious harm from his Hepatitis. The exhibits attached to the complaint show that Plaintiff's Hepatitis was being monitored and there are no facts alleged to show that his Hepatitis required treatment or that Plaintiff was at a substantial risk of serious harm from his Hepatitis. The exhibits submitted by Plaintiff show that his test results were within normal limits and no follow up was required. (ECF No. 12 at 17-18.) Plaintiff fails to state a cognizable claim based upon failure to treat his Hepatitis.

Plaintiff alleges that his chronic pain medication was not refilled, however he submits a copy of a prescription showing that he received medication prescribed by Defendant Onyeje dated May 20, 2010 through June 19, 2010. The fact that Defendant Onyeje admitted he was aware of Plaintiff's medical condition is insufficient to show that he was aware Plaintiff was not receiving his medication. To the extent that Plaintiff alleges that there was a delay in refilling the prescription, Plaintiff fails to allege facts to state a plausible claim that Defendant Onyeje was aware that Plaintiff was not receiving medication and failed to adequately respond. Simmons, 609 F.3d at 1018.

Liberally construed, Plaintiff alleges that Defendant Onyeje failed to treat his Valley Fever, while aware of the disease. Plaintiff contends that the failure to treat his Valley Fever left Plaintiff coughing and vomiting in his sleep causing him to awake in terror gasping for air and threatening Plaintiff's life. At the pleading stage, this is sufficient to state a cognizable claim.

Plaintiff alleges that Defendant Enenmoh is liable because he granted Plaintiff's appeal. The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007). Plaintiff cannot state a cognizable claim against Defendant Enenmoh merely based upon the fact that he reviewed Plaintiff's appeal and granted it.

## VI. Conclusion and Order

Plaintiff's first amended complaint states a cognizable claim against Defendant Onyeje for deliberate indifference to Plaintiff's Valley Fever in violation of the Eighth Amendment, however, Plaintiff allegations fail to state any additional claims under section 1983. Plaintiff was previously notified of the deficiencies in his claims and provided with the opportunity to amend, but was unable to cure the deficiencies. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, it is HEREBY ORDERED that:

1. This action for damages shall proceed on Plaintiff's first amended complaint, filed May 30, 2012, against Defendant Onyeje for deliberate indifference to Plaintiff's Valley Fever in violation of the Eighth Amendment;

2. Plaintiff's remaining Eighth Amendment claims are dismissed, with prejudice, for failure to state a claim; and

3. Defendant Enenmoh is dismissed from this action for Plaintiff's failure to state a claim against him under section 1983.

IT IS SO ORDERED.

Dated: June 4, 2012                        /s/ Barbara A. McAuliffe
                                           UNITED STATES MAGISTRATE JUDGE