# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN D. PARKS, | CASE NO. 1:11-cv–00999-BAM PC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS |
| O. ONYEJE, et al., | (ECF No. 31) |
| Defendants. | |

Plaintiff Steven D. Parks is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on June 7, 2011, and is proceeding on Plaintiff's first amended complaint, filed May 30, 2012, against Defendant Onyeje for deliberate indifference to Plaintiff's Valley Fever in violation of the Eighth Amendment. (ECF No. 13.) On June 15, 2012, an order issued directing the United States Marshal to initiate service of process of the first amended complaint on Defendant Onyeje. (ECF No. 14.) On October 22, 2012, Plaintiff filed a motion for sanctions against Defendant for failure to respond to the complaint. (ECF No. 17.) On October 23, 2012, an order issued denying Plaintiff's motion for sanctions. (ECF No. 18.) On November 1, 2012, Plaintiff filed objections to the motion for sanctions and a waiver of service was returned executed by Defendant Onyeje. (ECF Nos. 19, 20.) On November 6, 2012, an order issued addressing Plaintiff's objections and informing Plaintiff that Defendant's answer to the complaint is not due until December 3, 2012. (ECF No. 21.) On November 7, 2012, Plaintiff filed a motion for entry of default, which was denied on November 9, 2012. (ECF No. 22, 23.) On November 26, 2012, Plaintiff filed a motion for clarification of the order addressing Plaintiff's

objections and an order issued on November 27, 2012, sending Plaintiff a copy of Defendant's waiver of service. (ECF Nos. 24, 25.) On December 3, 2012, Defendant filed a motion to dismiss for failure to exhaust administrative remedies. (ECF No. 26.) On December 10, 2012, Plaintiff filed a motion for default and request for entry of default. (ECF No. 28, 29.) On December 11, 2012, an order issued denying Plaintiff's motion and request for default. (ECF No. 30.) On December 12, 2012, Plaintiff filed a motion for sanctions. (ECF No. 31.)

In his current motion, Plaintiff requests sanctions against Defendant for filing a frivolous motion to dismiss for failure to exhaust administrative remedies and for misleading the court regarding the waiver of service. (Motion for Sanctions for Misleading the Court 1-2, ECF No. 31.)

As Plaintiff was advised in the order issued November 6, 2012, Defendant was not in default and his response to the complaint was not due until December 3, 2012. (ECF No. 21.) Plaintiff was further informed in the order issued November 9, 2012, that no further motions for sanctions or default would be considered prior to the deadline for Defendant to file an answer, and on November 27, 2012, that any further motions or requests addressing service would be stricken from the record. (ECF No. 23, 25.) Accordingly to the extent that Plaintiff's motion addresses the waiver of service and Defendant's responsive pleading it shall be disregarded.

The Court derives the power to impose sanctions on parties or their counsel from three primary sources of authority. "(1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).

Under Rule 11 a party has an affirmative duty to investigate the law and facts prior to filing. Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1508 (9th Cir. 1987). Whether to impose sanctions is determined by the reasonableness of the inquiry into the law and facts. G.C. & K.B. Investments v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003).

The Court has inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). The imposition of sanctions under

the court's inherent authority is discretionary.  <u>Air Separation, Inc. v. Underwriters at Lloyd's of London</u>, 45 F.3d 288, 291 (9th Cir. 1995).  The court's "inherent power 'extends to a full range of litigation abuses.'"  <u>Fink</u>, 239 F.3d at 992 (quoting <u>Chambers</u>, 501 U.S. at 46-47).  However, in order to sanction a litigant under the court's inherent powers, the court must make a specific finding of "bad faith or conduct tantamount to bad faith."  <u>Fink</u>, 239 F.3d at 994.

Defendant has brought the motion to dismiss on the ground that Plaintiff failed to exhaust administrative remedies and that the complaint fails to state a claim.  The court has reviewed the motion and finds that it is not frivolous.  Plaintiff is advised that Defendant is entitled to defend this action, and the Court will not tolerate abusive litigation tactics by either party to the litigation.  The Court has the power to impose sanctions on either party.  If Plaintiff files any further motions for sanctions that are baseless, the Court will impose sanctions, up to and including dismissal of this action.

IT IS SO ORDERED.

Dated:   **December 13, 2012**             /s/ **Barbara A. McAuliffe**
                                                                      UNITED STATES MAGISTRATE JUDGE