UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN D. PARKS,<br><br>  Plaintiff,<br><br>  v.<br><br>O. ONYEJE, et al.,<br><br>  Defendants. | Case No.: 1:11-cv-00999-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING NINTH CIRCUIT RULING  (ECF No. 43)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RULE 60(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER OR PROCEEDING (ECF No. 34)<br><br>ORDER DIRECTING PLAINTIFF TO FILE RESPONSE TO DEFENDANT'S MOTION TO DISMISS  (ECF No. 26)<br><br>TWENTY-ONE DAY DEADLINE |

**I.     Introduction**

Plaintiff Steven D. Parks ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's first amended complaint, filed May 30, 2012, against Defendant Onyeje for deliberate indifference to Plaintiff's Valley Fever in violation of the Eighth Amendment. (ECF No. 13.)  The parties have consented to Magistrate Judge jurisdiction.  28 U.S.C. § 636(c).

On December 19, 2012, Plaintiff filed a motion for reconsideration of an order denying his request for sanctions.  (ECF No. 34.)  The following day, on December 20, 2012, Plaintiff filed a

1

1 notice of interlocutory appeal. (ECF No. 38.) Thereafter, on January 16, 2013, Plaintiff filed a motion
2 to stay these proceedings pending a ruling on his appeal by the Ninth Circuit. (ECF No. 43.)

3     Currently before the Court are the following: (1) Plaintiff's motion for stay, filed on January
4 16, 2013; and (2) Plaintiff's motion for reconsideration, filed on December 19, 2012. (ECF Nos. 34,
5 43.) Defendant Onyeje has not filed any responses, and the motions are deemed submitted. Local
6 Rule 230(l).

7     **I.    Plaintiff's Motion for Stay Pending Ninth Circuit Ruling**

8     Plaintiff filed a notice of interlocutory appeal on December 20, 2012. (ECF No. 38.) The
9 appeal was processed to the Ninth Circuit on December 21, 2012. (ECF No. 39.) While the appeal
10 was pending, Plaintiff filed the instant motion to stay these proceedings pending a ruling from the
11 Ninth Circuit. (ECF No. 43.)

12     Plaintiff's request for a stay pending a ruling from the Ninth Circuit is no longer necessary. On
13 March 1, 2013, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction, and issued its
14 formal mandate on March 26, 2013. (ECF Nos. 44, 45.) Subsequently, on May 31, 2013, the Ninth
15 Circuit denied Plaintiff's request for reconsideration. (ECF No. 47.) Accordingly, there is no longer a
16 ruling pending from the Ninth Circuit Court of Appeals, and Plaintiff's motion for stay will be denied
17 as moot.

18     **II.    Plaintiff's Motion for Reconsideration**
19     **A. Background**

20     On June 5, 2012, the Court screened Plaintiff's first amended complaint pursuant to 28 U.S.C.
21 § 1915A, and found that it stated an Eighth Amendment claim against Defendant Onyeje. (ECF No.
22 14.) On June 15, 2012, the Court directed the United States Marshal to serve Defendant Onyeje with
23 summons and the first amended complaint. (ECF No. 16.)

24     On October 22, 2012, Plaintiff filed a motion for sanctions against Defendant Onyeje for
25 failure to respond to the complaint. (ECF No. 18.) The Court denied Plaintiff's motion for sanctions
26 on October 23, 2012. The Court informed Plaintiff that although service by the United States Marshal
27 had been ordered, no waiver of service or return of service had been filed indicating that Defendant
28 had been served. (ECF No. 19.)

1          On November 1, 2012, Plaintiff filed objections to the Court's order denying his motion for
2  sanctions. (ECF No. 20.) That same day, a waiver of service was returned executed by Defendant
3  Onyeje. (ECF No. 21.) The Court addressed Plaintiff's objections on November 6, 2012. At that
4  time, the Court indicated that since Defendant waived service in this action, he had sixty days to file
5  an answer to the complaint. Fed. R. Civ. P. 12(a). The Court determined that Defendant Onyeje's
6  answer was not due until December 3, 2012, and informed Plaintiff that the correct response to a
7  failure to file an answer or other responsive pleading is a motion for default. (ECF No. 21.)
8          On November 7, 2012, Plaintiff filed a request for entry of default as to Defendant Onyeje.
9  Plaintiff contended that Defendant Onyeje had been served with a copy of the summons and
10 complaint, but failed to respond. (ECF No. 22.) On November 9, 2012, the Court denied Plaintiff's
11 request for entry of default. The Court reiterated its prior statement that Defendant's answer to the
12 complaint was not due until December 3, 2012. Additionally, the Court warned Plaintiff that any
13 further motions for sanctions or default prior to that date would be stricken from the record. (ECF No.
14 23.)
15         On November 26, 2012, Plaintiff filed a motion for clarification of the Court's order
16 addressing his objections and requesting a copy of "the sheet showing exactly when Defendant waived
17 service." (ECF No. 24.) On November 27, 2012, the Court addressed Plaintiff's motion and directed
18 the Clerk's Office to send Plaintiff a copy of the waiver of service. (ECF No. 25.)
19         On December 3, 2012, Defendant Onyeje filed a motion to dismiss this action based on the
20 failure to exhaust administrative remedies and the failure to state a claim. (ECF No. 26.)
21 Contemporaneously, Plaintiff was provided with notice of the requirements for opposing such a
22 motion. (ECF No. 26.)
23         To date, Plaintiff has not filed an opposition. Instead, on December 10, 2012, Plaintiff
24 requested entry of default as to Defendant Onyeje and filed a motion for default. (ECF Nos. 28, 29.)
25 On December 11, 2012, the Court denied Plaintiff's motions for the entry of default because
26 Defendant Onyeje filed a timely motion to dismiss in response to Plaintiff's complaint. (ECF No. 30.)
27         On December 12, 2012, Plaintiff filed a motion for sanctions against Defendant Onyeje for
28 filing a frivolous motion to dismiss based on a failure to exhaust administrative remedies and for

misleading the Court regarding the waiver of service. (ECF No. 31.) On December 14, 2012, the Court denied the request for sanctions. The Court reiterated that Defendant Onyeje was not in default and disregarded Plaintiff's motion to the extent that it addressed the waiver of service and Defendant's responsive pleading. Additionally, the Court reviewed Defendant Onyeje's motion to dismiss and determined that it was not frivolous. (ECF No. 32.)

On December 19, 2012, Plaintiff filed the instant motion seeking relief from the Court's October 23, 2012 order denying Plaintiff's motion for sanctions against Defendant Onyeje for failure to respond to the complaint. (ECF No. 34.)

### A. Legal Standard

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b). Where none of these factors is present the motion is properly denied. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

### B. Discussion

Plaintiff contends that when the Court issued its October 23, 2012 order denying sanctions it did not have status of service from the United States Marshal. (ECF No. 43, p. 1.) To the extent Plaintiff contends that the Court's order should be reconsidered because a waiver of service was returned on November 1, 2012, his argument lacks merit. At the time of the October 23, 2012 order, the Court did not have status of service and, thus, it could not issue sanctions or enter any other order against Defendant Onyeje based on service of the complaint. Following the waiver of service's return

on November 1, 2012, Plaintiff raised multiple challenges to the timeliness of Defendant Onyeje's responsive pleading.  Plaintiff has not demonstrated why he could not present his current arguments regarding the deadline for Defendant Onyeje to respond in his prior motions and, on that basis alone, his request for reconsideration should be denied.  Marlyn, 571 F.3d at 880.

Nevertheless, Plaintiff's arguments will be considered as a request for reconsideration of the Court's orders denying entry of default, which were issued on November 9, 2012, and December 11, 2012.  Plaintiff essentially contends that the Court erred in calculating the deadline for Defendant Onyeje to file a responsive pleading.

Based on the return of service form, Plaintiff argues that the United States Marshal mailed the waiver of service form to Defendant Onyeje on July 19, 2012.  (ECF No. 20.)  Plaintiff therefore speculates that defense counsel crossed out the "7/19/2012" date for calculating the deadline to answer or file a responsive pleading, wrote in "10-3-2012" as the pertinent date, and signed the waiver on October 16, 2012.  (ECF No. 20, 43.)  Plaintiff's argument is not supported by the record.

The United States Marshal's USM 285 return of service form contains a remark that states "Mailed 7/19/12," but the form also identifies the "Date of Service" as October 16, 2012.  (ECF No. 20, p. 2.)  The October 16, 2012 date of service is consistent with the date that defense counsel signed the Waiver of Service of Summons form.  It also is consistent with the date stamp indicating that the United States Marshal received the waiver back from defense counsel on October 25, 2013.  (ECF No. 20, p. 1.)  Plaintiff's assertion that defense counsel altered the waiver form is mere conjecture.

Based on the date counsel signed the waiver and the date of service on the USM 285 form, Defendant Onyeje had sixty days from October 16, 2012, to file an answer or other responsive pleading.  Fed. R. Civ. P. 12(a).  The Court's prior determination that Defendant Onyeje's response was due on December 3, 2012, which was based on a handwritten notation on the waiver of service form, arguably required Defendant Onyeje to file and serve a responsive pleading before it was due.  By filing a motion to dismiss on December 3, 2012, Defendant Onyeje timely responded to the complaint.  Accordingly, there is no basis for granting reconsideration of the Court's previous orders denying entry of default, and Plaintiff's motion shall be denied.

///

### III. Conclusion and Order

For the reasons stated, it is HEREBY ORDERED as follows:

1. Plaintiff's motion to stay proceedings pending Ninth Circuit ruling, filed on January 16, 2013, is DENIED as moot;
2. Plaintiff's motion for Rule 60(b) relief from a final judgment, order or proceeding, filed on December 19, 2012, is DENIED; and
3. Plaintiff shall file an opposition, or statement of non-opposition, to Defendant Onyeje's pending motion to dismiss within twenty-one (21) days after service of this order.
4. Failure to comply with this order may result in a recommendation to grant the motion to dismiss.

IT IS SO ORDERED.

Dated: **August 20, 2013**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

6