# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

**I.  Introduction**

| | |
|---|---|
| STEPHEN D. PARKS, | Case No.: 1:11-cv-00999-BAM PC |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| O. ONYEJE, et al., | (ECF No. 26) |
| Defendants. | |

Plaintiff Steven D. Parks ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint, filed May 30, 2012, against Defendant Onyeje for deliberate indifference to Plaintiff's Valley Fever in violation of the Eighth Amendment.  (ECF No. 13.)  The parties have consented to Magistrate Judge jurisdiction.  28 U.S.C. § 636(c).

On December 3, 2012, Defendant Onyeje filed a motion to dismiss for failure to exhaust administrative remedies and for failure to state a claim.[1]  Fed. R. Civ. P. 12(b).  Plaintiff filed an opposition on September 12, 2013, and Defendant replied on September 18, 2013.  The motion is deemed submitted.  Local Rule 230(l).

---

[1] Concurrent with the motion, Defendant provided Plaintiff with notice of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.  (ECF No. 27.); see Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003); see also Woods v. Carey, 684 F.3d 934, 940 n.6 (9th Cir. 2012).

1

**II.     Motion to Dismiss for Failure to Exhaust Administrative Remedies**

  **A.     Legal Standard**

  Defendant argues that Plaintiff failed to exhaust his administrative remedies in compliance with 42 U.S.C. § 1997e(a), subjecting the action to dismissal.  Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

  Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 921 (2007); Wyatt, 315 F.3d at 1119.  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  Id.

  **B.     Grievance Procedure**

  The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1.  During the relevant time period, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested.  Id. at § 3084.2(a).  In 2010, appeals had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision.  Id. at § 3084.3.  The regulations were revised in January 2011.  Following that time, appeals had to be submitted within 30 calendar days.  Id. at 3084.8 (a).  Four levels of appeal are involved, including the informal level, first

formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at §§ 3084.5, 3084.7 (2011).

### C. Discussion

#### 1. Allegations in Plaintiff's First Amended Complaint

Plaintiff brings this action against Defendant Onyeje alleging that, while housed at the Substance Abuse and Treatment Facility from April 21 through July 1, 2010, he was subjected to terror tremors, vomiting, sweating, and sleepless nights because Defendant Onyeje neglected to give him his chronic illness medication. The Valley Fever left Plaintiff coughing and vomiting in his sleep causing him to awake in terror gasping for air. Plaintiff states he has documented allergies, extraordinary pain in his right leg, and damage to his liver. (ECF No. 12, p. 3.) Plaintiff contends that Defendant Onyeje admitted in the appeal that he was guilty of deliberate indifference to Plaintiff's medical conditions and his appeal was granted. (ECF No. 12, pp. 3, 7, 17.)

Following screening of Plaintiff's first amended complaint, the Court found that Plaintiff's allegations that Defendant Onyeje failed to treat his Valley Fever, while aware of the disease, was sufficient to state a cognizable claim for deliberate indifference in violation of the Eighth Amendment. The Court dismissed all other claims with prejudice for failure to state a claim. (ECF No. 13, pp. 4, 5.)

#### 2. Exhaustion of Eighth Amendment Claim

Defendant argues that at no point between the earliest date alleged in Plaintiff's first amended complaint, April 21, 2010, and June 7, 2011, when Plaintiff filed suit in case, did he submit an administrative appeal at any level of review regarding the allegation that Defendant Onyeje failed to treat his Valley Fever.

##### a. Relevant Appeals

According to California Department of Corrections and Rehabilitation ("CDCR") records, Plaintiff submitted only two health-care appeals that were accepted for review between April 21, 2010, and June 7, 2011. (ECF No. 26-2, Declaration of Crum ("Crum Dec.") ¶¶ 4-6; ECF No. 26-3, Declaration of Zamora ("Zamora Dec.") ¶¶ 4-6.) In the first appeal, designated as SATF-33-10-13562, Plaintiff complained that medications for his chronic illness and chronic pain were not renewed. Plaintiff identified his "chronic illness" as hepatitis and his "chronic pain" as resulting from

a right-leg surgery. (Crum Dec. ¶ 4 and Ex. A; Zamora Dec. ¶ 4 and Ex. A.) In the second appeal, designated SATF-33-10-13709, Plaintiff complained that his right leg was "still cracking and without A&D ointment" and that his previously granted appeals "say when my chronic illness and chronic pain medication runs out renew it." (Ex. B to Crum Dec; Ex. B to Zamora Dec.) Plaintiff again identified his "chronic illness" as hepatitis and his "chronic pain" as resulting from a right-leg surgery. (Id.) Neither of these appeals mentions Valley Fever.

### b.   Discussion

Defendants argue that because Plaintiff never began, much less exhausted, the administrative process for any issue relating to Valley Fever or any of the symptoms that he attributes to Valley Fever the action should be dismissed.

In opposition, Plaintiff first claims that he "went through the appeals process concerning his medical needs." (ECF No. 50, p. 1, ¶ 3.) However, Plaintiff does not identify or cite any relevant appeals regarding his Valley Fever allegations. To the extent that Plaintiff is referring to the appeal attached to his first amended complaint, this is the same appeal identified above and designated as SATF-33-10-13562. (ECF No. 12, Ex. A.; Crum Dec. ¶ 4 and Ex. A; Zamora Dec. ¶ 4 and Ex. A.) Although the appeal asserts deliberate indifference to Plaintiff's medical needs, it relates to medication for his chronic illness (hepatitis) and his chronic pain (right-leg surgery) and a request that his medication be renewed when it runs out. (ECF No. 12, Ex. A, p. 1.) The appeal does not refer to Valley Fever or identify any symptoms related to Valley Fever.

Plaintiff next claims that he "suffered from symptoms that Doctor Onyeje said Plaintiff had, then failed to treat or test Plaintiff. Deliberate indifference to medical needs." (ECF No. 50, p. 2, ¶ 5.) These conclusory statements do not demonstrate that Plaintiff has exhausted his administrative remedies related to Valley Fever.

Plaintiff also argues that exhaustion of administrative remedies under the PLRA is not required if a prisoner's section 1983 claim challenging prison conditions only seeks money damages and the correctional facility's administrative grievance process does not allow for such an award. (ECF No. 50, p.2.) Plaintiff is incorrect. A prisoner seeking only money damages must exhaust the administrative process despite that process offering no monetary relief. Booth, 532 U.S. at 739-41.

4

As a final matter, Plaintiff attempts to revive his argument that Defendant Onyeje is in default and the motion to dismiss is untimely. The Court has rejected this argument repeatedly, most recently in its order denying Plaintiff's request for reconsideration, which was issued on August 20, 2013. (ECF No. 49.) The Court declines to entertain this argument for an additional time.

Based on the above, the Court finds that Plaintiff has not exhausted his administrative remedies and that this action should be dismissed without prejudice. Given this determination, the Court finds it unnecessary to address Defendant's alternative argument that dismissal is warranted because Plaintiff's first amended complaint fails to state a claim for deliberate medical indifference regarding Valley Fever.

## V.  Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to dismiss for failure to exhaust administrative remedies is GRANTED; and
2. This action is DISMISSED without prejudice for failure to exhaust administrative remedies.

This terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **September 23, 2013**                /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE